UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA KEMPER, n/k/a BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:08-CV-769 (CEJ) |
| | ) | |
| | ) | |
| ST. LOUIS COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiff's first amended complaint for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). Plaintiff opposes the motion and the issues are fully briefed.

Plaintiff Sandra Kemper, n/k/a Bryant, filed this action pursuant to 42 U.S.C. § 1983, seeking compensatory damages, punitive damages, costs, and attorney's fees from defendant St. Louis County. Plaintiff alleges that, because of law enforcement's egregious misconduct, she was wrongfully arrested for a crime that she did not commit. Plaintiff brings claims of violation of her constitutional right to due process (Count I) and false arrest (Count II) pursuant to 42 U.S.C. § 1983. Plaintiff also brings state law claims for malicious prosecution (Count III), intentional infliction of emotional distress (Count IV), negligent infliction of emotional distress (Count V), and false imprisonment (Count VI).

**Discussion**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency

of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

**I. Plaintiff's Claims Under § 1983**

Plaintiff alleges that defendant's liability is based upon the actions of defendant's agents, servants, employees and representatives within the scope of their employment. As such, defendant urges the Court to dismiss Counts I and II of plaintiff's first amended complaint because plaintiff seeks to hold defendant liable on the basis of *respondeat superior*. Plaintiff contends

that the doctrine of *respondeat superior* does not defeat Counts I and II because she also alleges that defendant's policy and customs caused the violation of her constitutional rights.

The United States Supreme Court held, in Monell v. Dept. of Soc. Services of the City of New York, that "a municipality cannot be held liable under § 1983 on a respondeat superior theory." 436 U.S. 658, 691 (1978)(emphasis in original). The Monell court, however, held that a municipal may be held liable under § 1983 when its policy, custom, or practice "inflicts the injury that the government as an entity is response [for] under § 1983". 436 U.S. at 694.

The first amended complaint contains numerous allegations that implicate defendant under the doctrine of *respondeat superior*, but there are no allegations that the constitutional violations plaintiff claims resulted from any policy of custom of defendant St. Louis County. Plaintiff merely alleges that the defendant acted "under color of the laws, regulations and customs of the State of Missouri." This allegation is insufficient to support a claim against St. Louis County.

**II. Plaintiff's State Law Claims**

Defendant argues that plaintiff's state tort and negligence claims are barred by the doctrine of sovereign immunity. "Under Missouri law, public entities are generally shielded from liability for common law tort claims by sovereign immunity." McBride v. Christian County, Missouri, No. 04-03307-CV-S-REL, 2006 WL 901845, at *1 (W.D. Mo. April 5, 2006)(citing Mo.Rev.Stat. § 537.600); see

also Moore v. Higgins, No. 4:06-CV-00973 SNL, 2008 WL 2225724, at *11 (E.D. Mo. May 29, 2008). "Three statutory exceptions to sovereign immunity, and these exceptions must be construed narrowly." McBride, No. 04-03307-CV-S-REL, 2006 WL 901845, at *1. Section 537.600 contains the following two exceptions for:

> (1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment;
>
> (2) Injuries caused by condition of a public entity's property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. . . .

Mo.Rev.Stat. § 537.600.1. The legislature also expressly waived sovereign immunity for public entities "when a public entity purchases an insurance policy covering tort claims." McBride, No. 04-03307-CV-S-REL, 2006 WL 901845, at *1 (citing Mo.Rev.Stat. § 537.610.1; Amick v. Pattonville-Bridgeton Terrace Fire Prot. Dist., 91 S.W.3d 603, 604 (Mo. banc 2002)). The automobile exception does not apply to the factual situation of this case, and the affidavit appended to defendant's motion to dismiss reveals that defendant did not purchase liability insurance to cover the claims plaintiff asserts. Therefore, the question is whether the dangerous condition exception applies.

Defendant argues that plaintiff failed to demonstrate that a "dangerous condition" of defendant's property existed at the time plaintiff's alleged injury occurred. Plaintiff, however, contends that "the policy in place at the police station regarding polygraphs and their use" was the dangerous condition on defendant's property that caused her alleged injury. (Doc. #21, at 7). The Missouri Supreme Court held that the placement of a partition at the bottom of a ladder before the plaintiff descended created a "dangerous condition," despite the absence of a defect in the physical condition of the ladder. Alexander v. State, 756 S.W.2d 539 (Mo. banc 1988). In Alexander, the court held that the "dangerous condition [was] created by the positioning of various items." Id. at 542. In Cain v. Mo. Highways & Transp. Comm'n, the plaintiff was injured by a falling tree, while working on the public entity's property. 239 S.W.3d 590 (Mo. banc 2007). The Missouri Supreme Court held that "the manner in which [plaintiff's] fellow inmate cut the tree, prior to it falling [on the plaintiff], created a dangerous condition within the meaning of the statute." Id.

The instant case is distinguishable from Alexander because plaintiff does not allege that a physical defect in defendant's polygraph machine, or the positioning of defendant's polygraph machine caused her alleged injuries. Moreover, unlike the plaintiff in Cain, who alleged that the tree on the public entity's property caused her injuries, in the instant case, plaintiff does not allege that polygraph machine struck or harmed her. Rather,

plaintiff simply argues that the defendant's improper administration of the polygraph tests caused her injuries. The Court finds that plaintiff's first amended complaint fails to establish facts to defeat defendant's sovereign immunity argument. Therefore, because no exception to sovereign immunity applies, and defendant has not otherwise waived its immunity, the Court finds that Counts III, IV, V, and VI of plaintiff's first amended complaint do not state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant St. Louis County to dismiss plaintiff's first amended complaint for failure to state a claim [Doc. #19] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2009.