UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANDRA KEMPER n/k/a BRYANT, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:08-CV-769 (CEJ) |
| ST. LOUIS COUNTY, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for an extension of time to file her notice of appeal, pursuant to Rule 4(a)(5), Fed.R.App.P. Defendant opposes the motion and the issues are fully briefed.

On January 28, 2009, the Court granted defendant's motion to dismiss plaintiff's first amended complaint for failure to state a claim. Forty days later, on March 9, 2009, plaintiff filed a motion for an extension of time to file a notice of appeal. Under Rule 4(a)(1)(A), Fed.R.App.P., plaintiff's notice of appeal was due within 30 days after entry of the order granting defendant's motion to dismiss. The Court may extend the time to file a notice of appeal for a period not to "exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later." Fed.R.App.P. 4(a)(5)(C). The Court has discretion to extend the time for filing a notice of appeal if: (1) the moving party files the motion for an extension no later than 60 days after the order appealed from was entered; and (2) the party demonstrates either excusable neglect or good cause. Fed.R.App.P. 4(a)(5)(A). The factors relevant to whether moving party's neglect is excusable "include . . . the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the

movant acted in good faith." Gibbons v. United States, 317 F.3d 852, 854 (8th Cir. 2003), quoting Pioneer Inv. Services. Co. v. Brunswich Associates Ltd. P'ship, 507 U.S. 380, 395 (1993). "The four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import." Gibbons, 317 F.3d 852, citing Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000).

Plaintiff clearly meets the first requirement under Rule 4(a)(5)(A). The order granting defendant's motion to dismiss was entered on January 28, 2009. Therefore, pursuant to Fed.R.App.P. 4(a)(1)(A), plaintiff had until February 27, 2009, to file a notice of appeal. Rule 4(a)(5)(A)(i) provided plaintiff with 30 additional days, up to and including March 30, 2009, to file a motion for an extension to file a notice of appeal. Plaintiff's motion for an extension filed on March 9, 2009, was therefore timely.

However, plaintiff does not meet the second requirement. In her motion, plaintiff states "that her financial circumstances have been dire and that her inability to afford the filing fee for the Notice of Appeal until presently" prevented her from filing the notice of appeal timely. (Doc. #30, at 3). Rule 24(a) permits a party to proceed *in forma pauperis* on appeal if the party files a motion therefor, along with an affidavit, describing, *inter alia*, the party's inability to pay the filing fee for its appeal. Fed.R.App.P. 24(a)(1). Pursuant to the rule, plaintiff could have filed a motion to proceed *in forma pauperis* on appeal within 30 days after the Court entered the order dated January 28, 2009. Plaintiff, however, did not file such motion. Moreover, plaintiff provides no additional reasons for her failure to file a timely notice of appeal besides her financial hardship. Therefore, the Court finds that there is no excusable neglect or good cause for granting plaintiff's motion for an extension to file an appeal.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of plaintiff Sandra Kemper, n/k/a Bryant, for an extension of time to file her notice of appeal pursuant to Fed.R.App.P. 4(a)(5) [Doc. #30] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2009.